IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | Case No. 2:-00-CR-25-5- JRG-RSP |
| | § | |
| MELISSA SLADE | § | |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

On February 28, 2013, the undersigned held a final hearing on the Government's petition (#237) to revoke supervised release. The Government was represented by Assistant United States Attorney Allen Hurst. The Defendant, Melissa Slade, was represented by Wayne Dickey.

Melissa Slade was sentenced on October 12, 2000, before The Honorable U. S. District Judge T. John Ward of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Manufacture Methamphetamine, a Class A felony. This offense carried a statutory maximum imprisonment term of life. The guideline imprisonment range, based on a total offense level of 31 and a criminal history category of II, was 121 to 151 months. Melissa Slade was subsequently sentenced to 121 months imprisonment followed by a five year term of supervised release subject to the standard conditions of release, plus special conditions to include drug treatment, financial disclosure and a $100 special assessment. On March 25, 2009, Melissa Slade completed her period of imprisonment and began service of the supervision term.

On February 13, 2013, this petition to revoke was filed. In its petition, the Government alleges the Defendant violated the following conditions:

1) <u>Mandatory</u>: The Defendant shall not commit another federal, state, or local crime. Specifically, the Government alleges as follows: The Defendant was arrested on September 22,

1

2012 by the Rowlett Police Department and charged with Possession of Marijuana under 2 ounces and Possession of a Controlled Substance less than 1 gram. She was released on bond on September 29, 2012 and the charges remain pending.

2) <u>Mandatory</u>: The Defendant shall not illegally possess a controlled substance. Specifically, the Government alleges as follows: The Defendant was arrested on September 22, 2012 by the Rowlett Police Department and charged with Possession of Marijuana under 2 ounces and Possession of a Controlled Substance less than 1 gram. She was released on bond on September 29, 2012 and the charges remain pending.

3) <u>Mandatory</u>: The Defendant shall refrain from any unlawful use of a controlled substance. The Defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer. Specifically, the Government alleges as follows: The Defendant signed an Admission of Drug Use on October 25, 2012, with U. S. Probation Officer Marcella Cutright, Northern District of Texas stating she has used marijuana daily since April 12, 2012, and methamphetamine daily since August 3, 2012. The Defendant submitted urine specimens on October 25, and November 16, 2012, that tested positive for methamphetamine and marijuana. The Defendant submitted a urine specimen on January 10, 2013, that tested positive for methamphetamine.

4) The Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month. Specifically, the Government alleges as follows: The Defendant failed to report as instructed by the U.S. Probation Officer

LaMonica Robertson, Northern District of Texas, on December 7, 11, 18 and 27, 2012. Additionally, the Defendant failed to report for an office visit on January 17, 2013, as instructed.

5) <u>Special</u>: The Defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until such time as the Defendant is released from the program by the probation officer. The Defendant is ordered to submit to a drug test within 15 days of her release. Specifically, the Government alleges as follows: The Defendant failed to report to Phoenix Counseling Services, 3884 S. Shiloh Road, Suite 101, Garland, Texas, for an individual counseling session on November 28 and December 5, 2012. Additionally, she failed to report for group counseling on December 4, 2012.

The Court scheduled a revocation hearing for February 28, 2013. At the hearing on the Government's petition, and after consenting to the undersigned taking the plea, the Defendant pled true to the allegations as set forth above. Based on the Defendant's plea of true to the allegations, and with no objection by the Defendant or the Government, the undersigned found that the Defendant did violate conditions of her supervised release, as alleged in the U.S. Probation Office's petition.

The undersigned thereafter recommended that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for eight months, with no supervised release to follow such term of imprisonment. Based on the foregoing, it is

**RECOMMENDED** that the Defendant's plea of true to the allegations, as set forth in the Government's petition, be **ACCEPTED**. Based upon the Defendant's plea of true to the allegations, it is further recommended that the Court find that the Defendant violated the conditions of her supervised release. It is further

**RECOMMENDED** that the Defendant's supervised release be **REVOKED**. It is further **RECOMMENDED** that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight months, with no supervised release to follow such term of imprisonment. It is further

**RECOMMENDED** that the Court request that the Bureau of Prisons place the Defendant in its Carswell-Fort Worth, Texas facility.

At the close of the February 28, 2013 revocation hearing, Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein and to the imposition of the above sentence. Defendant also waived her right to be present and speak before the District Judge imposes the recommended sentence. Therefore, the Court may act on the findings and recommendation immediately.

**SIGNED this 11th day of March, 2013.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE